# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00073-MR-WCM

| | |
|---|---|
| **MANETIONY CLERVRAIN,[1] et al.,** | ) |
| Plaintiffs, | ) |
| vs. | ) **O R D E R** |
| **THOM TILLIS, et al.,** | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on review of the Plaintiff Manetiony Clervrain's Complaint [Doc. 1]; the Plaintiff's "Motion for Mitigating Financial Burden or ("IFP") Constitutional Issues by Massive Issues ["Right Aggravated"] Treatment Act" [Doc. 2], which the Court construes as a Motion to Proceed in District Court Without Prepaying Fees or Costs; and several other motions [Docs. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13].

---

[1] This is the spelling of the Plaintiff name as shown in the caption of the Complaint. However, he spells it Manetirony Clervrain in other places in that document and the other documents he has filed.

## I. STANDARD OF REVIEW

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

2

Case 1:22-cv-00073-MR-WCM   Document 14   Filed 04/11/22   Page 2 of 7

clearly baseless," including such claims that describe "fantastic or delusional scenarios."  Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1), (2).  A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## II. DISCUSSION

### A. Motion to Proceed with Prepaying Fees or Costs

The Plaintiff filed a 31-page motion entitled "Motion for Mitigating Financial Burden or ("IFP") Constitutional Issues by Massive Issues ["Right Aggravated"] Treatment Act."  [Doc. 2].  While the motion is mostly incomprehensible, it appears that the Plaintiff is seeking to proceed in this action without the prepayment of fees or costs.  Upon review of the financial information provided in the motion, the Court finds that the Plaintiff has

3

Case 1:22-cv-00073-MR-WCM   Document 14   Filed 04/11/22   Page 3 of 7

adequately demonstrated that he is unable to make prepayment of the required fees and costs. Accordingly, the motion will be granted.

### B. § 1915 Review of Complaint[2]

The Plaintiff, who is a former federal prisoner and a resident of Indiana, purports to bring suit against United States Senator Thom Tillis, United States Representative Madison Cawthorn, North Carolina Governor Roy Cooper, and approximately 60 other defendants, asserting claims for violation of his civil rights.[3] The Plaintiff is a prolific *pro se* filer, having filed more than 100 federal cases throughout the country, most of which have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. See Clervrain v. McMaster, No. 6:21-cv-00021-SAL-KFM, 2021 WL 2582223, at *1 (D.S.C. Jan. 22, 2021). This is the second Complaint that the Plaintiff has filed in this District. In the first action, the Plaintiff sued Elaine F. Marshall, the North Carolina Secretary of State, for

---

[2] As a threshold matter, the Court notes that the Plaintiff signed his IFP Motion, but failed to sign his Complaint. [Doc. 1 at 13]. Absent that signature, this matter must be dismissed for that reason alone. However, due to the lack of substance in the Complaint, it will be dismissed for that reason as well as those reasons set forth below.

[3] Approximately forty other individuals are identified as plaintiffs in this action, but no information is provided about these parties beyond their names, and none of these purported plaintiffs have signed the Complaint. As such, the inclusion of these individuals of plaintiffs is a nullity, and to the extent that the Complaint purports to assert claims on their behalf, such claims are dismissed without prejudice.

violation of his civil rights. [See Civil Case No. 3:21-cv-316-GCM, Doc. 1]. That action was dismissed as frivolous in August 2021. [Id., Doc. 5].

The Plaintiff's Complaint in the present case is similarly frivolous. The allegations set forth in the Complaint are rambling and largely nonsensical. "Like complaints he has filed in many other courts across the country, his complaint in this action is largely incomprehensible and contains many legal labels and conclusions, but few factual assertions." Clervrain v. Mercer, No. 7:20cv00645, 2020 WL 6704589, at *1 (W.D. Va. Nov. 13, 2020). "[W]hile Clervrain's cases name different defendants, they are all essentially 'jabberwocky.'" Clervrain v. Marin, No. 20cv925, 2020 WL 5408581, at *2 (S.D. Cal. Sep. 9, 2020). Like the multitude of other courts that have reviewed the Plaintiff's other cases, this Court is unable to discern the factual or legal basis of the Plaintiff's claims or even the relief that he seeks.

When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke, 490 U.S. at 328; White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action without prejudice.

For the reasons stated herein, the Court concludes that the Plaintiff cannot cure the defects identified in his Complaint by further amendment. See Bing v. Brivo Sys., LLC, 959 F.3d 605, 613 (4th Cir. 2020), cert. denied, 141 S. Ct. 1376 (2021). Moreover, the Court finds that the Plaintiff's Complaint is patently frivolous. Accordingly, the Court declines to give the Plaintiff leave to further amend his Complaint.

As noted above, this is the second frivolous action that the Plaintiff has filed in this Court. Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106

F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the "Motion for Mitigating Financial Burden…," which the Court construes as a Motion to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's other motions [Docs. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13] are **DENIED**.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 11, 2022

Martin Reidinger
Chief United States District Judge